*1034 OPINION.
Steenhagen :
The respondent, after an examination of the books of the Hadley-Dean Glass Co., and as the basis for his determination of the deficiency in question, has included within the petitioner’s income certain amounts found to have been credited to him on the books of the corporation as his distributive share of the annual corporate earnings. The petitioner contests this because it attributes to him income which he alleges was never in fact received and was not in truth available for his use and enjoyment. Thus the issue offered *1035 by petitioner is primarily one of fact provable by evidence. It is well established, as urged by petitioner’s counsel, that in a close corporation such as this the formality of corporate action as between the corporation and its stockholders is not of primary importance. Corporate earnings may be distributed with the effect of dividends, although formal declaration by the usual resolution has not been made. The consideration in such cases is necessarily concerned largely with whether the evidence indicates a dividend or otherwise.
That there was in fact a consistent accounting by the corporation reflecting an annual distribution of its earnings to the stockholders, is plain. The petitioner, however, insists that such accounting does not truly reflect the fact.
The corporation credited to the stockholders not. only salaries, rent, and an amount ambiguously called interest, but also a distribution of the earnings, not exactly in accordance with stockholdings but upon a basis satisfactory to the stockholders themselves. From these personal accounts the stockholders actually drew whatever cash they desired. Sometimes, as shown by the stipulated tabulation, these cash withdrawals were less than the annual credits, and sometimes more. So far as appears, there was no consistent relation between the annual credits and the annual withdrawals. As to the minority stockholder, however, there was a consistent cash payment to him of his pro rata share of the earnings. It is said that this payment to him was not made as a distribution but rather as additional compensation for attendance at directors’ meetings, but we can not accept this as correct. Thus it appears that one stockholder actually received his distributable share of the earnings each year, and the remaining two stockholders, both of whom were actively in control of the business and its funds, caused their shares of the earnings to be credited to their personal accounts and withdrew them or not, at their pleasure.
A question of first importance is left entirely unanswered by the evidence, and that is whether the petitioner accounted for his income on the basis of actual receipts or on the basis of accruals. The stipulation ignores the question and Hadley as a witness did not know. Clearly on the accrual basis the credits were income. On the receipts basis, the evidence leaves it too uncertain to sustain the petitioner. Having it entirely within his power to withdraw the earnings, having caused the corporation to credit the amount, together with other substantial amounts, to his personal account, and having in fact withdrawn amounts indiscriminately from this personal credit, there is substantial warrant for the Commissioner’s determination, and in our opinion the petitioner has not proven his cause.
Judgment will be entered on W days' notice, wider Rule 50,